**Opinion issued October 4, 2012**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-11-00263-CR

_____

**MARIAN EVELYN SKURA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from County Criminal Court at Law No. 9**
**Harris County, Texas**
**Trial Court Case No. 171559601010**

## MEMORANDUM OPINION

A jury found Marian Evelyn Skura, guilty of theft[1] and assessed her

punishment at 90 days in jail. In her sole issue, Skura contends that she was

---

[1]     *See* TEX. PENAL CODE ANN. § 31.03(a), (e) (2)(A)(i) (West Supp. 2012)
        (theft of property having value of $50 or more but less than $500).

egregiously harmed by the trial court's submission of an erroneous charge that failed to mention her in the application paragraph. We affirm.

## Background

Two Wal-Mart "asset protection officers" (Rogers and Bates) noticed Skura and her co-defendant, Vanessa Melton, place numerous cologne and perfume bottles in their shopping cart. The two employees followed the women around the store and observed both Skura and Melton cut open the cologne and perfume boxes' plastic wrappers, Skura conceal a white T-shirt in her purse, and Melton put several other items in Skura's purse, while Skura was the "lookout."

When the two women went through the checkout line, Bates testified that neither paid for the items in their purses. Once outside the store, Rogers confronted the women and took them to the loss-prevention office where their purses were emptied of $138.78 of merchandise. Rogers did not separately itemize the items that came from each purse.

The jury charge allowed the jury to convict Skura of theft as the principal actor and as a party to the offense. The charge instructed the jury as to the law of parties:

Each party to an offense may be charged with commission of the offense. A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or both. A person is criminally responsible for an offense committed by the

2

conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits or encourages, aids or attempts to aid the other person to commit the offense. Mere presence alone will not constitute one a party to a crime.

*See* TEX. PENAL CODE ANN. §§ 7.01(a), (b), .02(a)(2) (West 2011). The application portion of the law of parties, however, read:

> Therefore, if you believe from the evidence beyond a reasonable doubt that on or about the 25th day of October, 2010, in Harris County, Texas, another person, namely, Vanessa Melton, did intentionally or knowingly cause the offense of theft by the appropriation of the property listed above and there with intent to promote or assist the commission of the theft by Vanessa Melton, did aid, assist, or encourage Vanessa Melton in the commission of the theft while Vanessa Melton was committing the theft, then you will find the defendant guilty.

There was no objection to the charge at trial.

### Discussion

Both Skura and the State essentially concede the charge was erroneous in omitting the words "the defendant" in the application paragraph relating to the law of parties. In her sole issue Skura argues that, despite her failure to lodge an objection, she is entitled to a reversal if the error of submitting the defective charge "is so egregious and created such harm that [s]he 'has not had a fair and impartial trial." *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984 & 1985) (interpreting TEX. CODE CRIM. PROC. ANN. art. 36.19 (West 2006)). Because no

3

proper objection was made, we must determine whether there has been egregious harm. *See Almanza*, 686 S.W.2d at 171.

Errors that result in egregious harm are those which "go to the very basis of the case," "deprive the accused of a 'valuable right,'" or "vitally affect his defensive theory." *Id.* at 172. To determine the actual degree of harm, we consider (1) the entire jury charge, (2) the state of the evidence, including the contested issues and weight of probative evidence, (3) the argument of counsel, and (4) any other relevant information revealed by the record of the trial as a whole. *Id.*

The record identifies numerous occasions, both during voir dire and in the closing statement, in which the State addressed the law of parties and its application. During voir dire, the State gave the following example:

> Another important thing I want to talk about here is called the law of parties. Anybody ever heard that phrase before, the law of parties? Maybe? Basically, what it means is if you take part, if you play a role in a crime, you can still be found guilty of that crime, even if you're not the one that actually, physically does -- for instance in a theft, the taking of the property or say a get-away driver in a bank robbery. Right? He is not actually going to the bank with a gun, but, clearly he is involved in a scheme, right? He is playing a role. Or better, yet, let's say the guy that stands on the street corner in downtown, while his buddy runs into the bank and another buddy is driving the car. Okay. So the guy that goes into the bank, he's got the gun, he says, Give me all your money. I want all the money in the bank. Give it to me, now.

During closing the State argued:

4

> Now, the second paragraph I want you to look at here is referring to what we referred to before, the law of parties. What it is essentially saying is someone who is involved in the crime, doesn't necessarily have to be the person taking the perfume or taking the T-shirt or taking whatever it is. If they are acting as a look-out, and you heard testimony based on the two different loss prevention officers that said: While one is doing the taking, the other one is doing the looking around. What's around? Do I see somebody? Am I looking for security? That is what the law of parties means. And that is what that instruction means. And I want to make sure that you guys understand that when you go back there.

More important, however, as both parties recognize, the jury was given a proper abstract instruction on the law of parties.

Skura argues her case is similar to *Green v. State*, in which two brothers charged with murder were tried together. *Green v. State*, 233 S.W.3d 72, 74 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd). The law-of-parties application paragraph in that case allowed the defendant to be convicted of murder based solely on the actions of his younger brother because the charge omitted language that in order for defendant to be found guilty as a party, the jury had to find that the defendant "'with the intent to promote or assist' in the commission of the offense, 'solicited, encouraged, directed, aided, or attempted to aid' [his brother] in committing murder." *Id.* at 79. The Fourteenth Court held that the charge error was egregious and reversed. *Id.* at 86.

The *Green* law-of-parties application paragraph was a completely erroneous statement of the law, as it affirmatively misled the jury by allowing it to convict

5

the defendant for a murder committed by his younger brother, even if the defendant was not a party. *Id*. at 81. Unlike *Green*, the jury in this case was not left to interpret the instruction without any guidance. Here the jury was given a charge that correctly stated the law of parties, although it did omit a reference to "the defendant" in the application paragraph. Given the correct charge on the law of parties, the State's explanations of the law of parties during voir dire and closing argument, as well as the testimony from Rogers and Bates, we cannot say that Skura has suffered egregious harm.[2]

## Conclusion

We overrule the sole issue and affirm the judgment of conviction.

Jim Sharp
Justice

Panel consists of Justices Jennings, Higley, and Sharp.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[2] We express no opinion whether Skura would have suffered "some harm" under an *Almanza* analysis if a proper trial objection had been made. *See Almanza*, 686 S.W.2d at 171.